IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**PIERCE YARNELL BROWN,**

      Petitioner,

v.                                            Civil No.: 5:20CV108
                                                 BAILEY

**R. HUDGINS, Warden,**

      Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 9, 2020, the pro se petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner is a federal inmate who is incarcerated at FCI Gilmer and is challenging the validity of his sentence imposed in the United States District Court for the Western District of Virginia. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### FACTUAL AND PROCEDURAL HISTORY[1]

  **A.  Conviction and Sentence**

On August 13, 2015, a grand jury in the Western District of Virginia returned an

---

[1] The facts are taken from the Petitioner's criminal Case No.7:15-cr-00074 in the United States District Court for the Western District of Virginia, available on PACER. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

.

indictment against the petitioner, charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  After unsuccessfully moving to suppress the evidence against him, the petitioner entered a conditional plea of guilty to the offense charged. As part of his written plea agreement, the petitioner acknowledged that he would be subject to a joint minimum term of imprisonment of 15 years under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e), if the Court determined that he had at least three prior convictions for serious drug offenses and/or violent felonies. [Doc. 40]. The petitioner retained the right to appeal such determination, as well as the ruling on his suppression motion. Id. at 7.

In preparation for sentencing, a probation officer prepared a presentence investigation report ("PSR") that designated the petitioner as an armed career criminal under the ACCA. The probation officer noted that the petitioner had three prior convictions for felony drug offenses that were committed on different occasions, and a prior conviction for unlawfully shooting into an occupied dwelling. The probation officer listed the following prior felony drug convictions to support the armed career criminal designation: a September 11, 2006 conviction in the Circuit Court for the City of Roanoke for possessing cocaine with intent to distribute (Case No. CR06-744), and July 12, 2010 convictions in the same court for selling heroin and cocaine (Case Nos. CR09-1934 & CR09-1935). The probation officer noted that the latter offenses occurred on November 19, 2008 and December 10, 2008, respectively. As an armed career criminal, the petitioner was subject to a mandatory term of imprisonment of 15 years to life under 18 U.S.C. § 924(e), and an advisory range of imprisonment of 188 to 235 months under the United States Sentencing Guidelines. Defense counsel did not file any objections to the PSR.

The petitioner appeared for sentencing on May 6, 2016. At that time, the Court

adopted the PSR in its entirety, including the determination that the petitioner qualified as an armed career criminal. The Court ultimately imposed the mandatory minimum term of imprisonment of 180 months. [Doc. 47].

### B. Direct Appeal

On direct appeal, the petitioner challenged the denial of his motion to suppress. He did not appeal the armed career criminal designation. The petitioner's conviction was affirmed by the United States Court of Appeals for the Fourth Circuit on January 31, 2017. [Doc. 58].

### B. Motion to Vacate

On May 15, 2017, the petitioner filed a motion under 28 U.S.C. § 2255 in which he raised the sole allegation that he should not have been sentenced as an armed career criminal. He challenged his sentence in two different ways. First, he argued that he was not on notice that he was in danger of being sentenced as an armed career criminal, and for this reason the enhancement should not be applied. Second, he made a Johnson 2015 argument that his prior conviction for shooting into an occupied dwelling was no longer a proper ACCA predicate, and as such, he was no longer an armed career criminal and must be resentenced. [Doc. 64].

On December 15, 2017, the district court denied the petitioner's motion. In addition, the Court denied a certificate of appealability. In its Memorandum Opinion, the court noted that the Fourth Circuit has repeatedly held that prior convictions used as a basis for sentencing a defendant as an armed career criminal need not be charged in an indictment or proven to a jury beyond a reasonable doubt. In addition, the district court found that even assuming that unlawfully shooting at an occupied dwelling was not a violent felony for purposes of the ACCA, the petitioner nonetheless qualify for sentencing

3

is an armed career criminal based on three prior convictions for serious drug offenses in the Circuit Court for the City of Roanoke. All three offenses carried a maximum term of imprisonment of ten years or more. Accordingly, the court concluded that the petitioner had at least three qualifying convictions and was therefore properly sentenced as an armed career criminal.  [Doc. 72].

## PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court, the petitioner continues to argue that he was improperly sentenced under the ACCA. The petitioner contends that two of the three prior state convictions which formed the predicates for sentencing were improperly counted as separate and distinct offenses when, under applicable law, they constituted but a single qualifying predicate.  More specifically, the petitioner maintains that the drug offenses charged in Case Numbers CR09-1934 and CR09-1935 arose from the same investigation and involved the same conduct and offense. Moreover, the two cases were consolidated for trial and sentencing with concurrent sentences imposed. He further argues that he was arrested at the same time for both warrants.  In addition, the petitioner argues that he is actually innocent of being an Armed Career Criminal because his drug offense convictions under state law were broader than the federal controlled substance statute. For relief, requests that this Court vacate the sentence and resentence him without the enhancement as an Armed Career Criminal.

## LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged

4

with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[2] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[3] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[3] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his

7

sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## II.   ANALYSIS

As a threshold matter, the petitioner waived his right to collaterally attack his conviction and sentence. A "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). In this case, the petitioner agreed to waive his right to appeal and to collaterally attack any order in this matter. [Doc. 40 at 7-8]. The Court ultimately found that the petitioner's plea was knowing and voluntary. [Doc. 56 at 37]. The Fourth Circuit has recognized that a defendant may waive his right to collaterally attack his conviction. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). There is, however, a narrow class of exceptions to a valid collateral attack waiver, including claims that the petitioner is actually innocent of a conviction, or that the sentence imposed was in excess of the maximum penalty allowed by statute. See Smith v. United States, No. 3:09-CR-000158-06, 2012 WL 5987526, at *22 n.13 (S.D.W. Va. June 27, 2012), *report and recommendation adopted*, No. CIV.A. 3:10-1398, 2012 WL 5987543 (S.D.W. Va. Nov. 29, 2012; see also Whitaker v. Dunbar, 83 F.Supp.3d 663, 669 (E.D.N.C. 2014).

Courts in this circuit are divided over whether waiver of the right to attack a sentence collaterally precludes a petitioner from raising an argument that they no longer qualify for the mandatory enhancement provisions provided by the ACCA. Compare United States v. Hairston, No. 4:04-CR-00008-1, 2018 WL 561861, at *4 (W.D. Va. Jan. 25, 2018 (finding that collateral attack waiver did not preclude claim that prior conviction no longer qualified as ACCA enhancement offenses); United States v. Johnston, No.

8

3:08-CR-00042, 2017 WL 3326791, at *3 (W.D. Va. Aug. 3, 2017) *vacated and remanded on other grounds*, 739 F. App'x 202 (4th Cir. 2018) (same) with Armstrong v. United States, No. 4:11-CR-5-FL-1, 2016 WL 4007580, at *2 (E.D.N.C. July 26, 2016) (finding a collateral attack waiver barred claim that Johnson v. United States, 135 S.Ct.2551 (2015 invalidated the use a prior conviction for ACCA enhancement); Taylor v. United States, No. 1:08CR211-1, 2016 WL 5819812, at *1 (M.D.N.C. June 27, 2016) *report and recommendation adopted*, No. 1:08CR211-1, 2016 WL 5818552 (M.D.N.C. Oct. 5, 2016) (same). Ultimately, the undersigned concludes that it is unnecessary to determine whether the petitioner's claim that his sentence under § 924(e) is now invalid is waived by his plea agreement, because the claims fails on the merits.

As previously noted, the petitioner raises two grounds for relief. First, he alleges that two of the three prior state convictions which formed the predicates for sentencing were improperly counted as separate and distinct offenses when, under applicable law, they constituted but a single qualifying offense. In support of this allegation, the petitioner cites United States v. Jeffrey, 2017 WL 764608 (E.D. Michigan 2017). However, that case dealt with a career offender, did not specifically conclude that two prior controlled substances should correspond to only one predicate drug charge, and is not controlling law. In addition, the petitioner relies on United States v. Boykin, 669 F.3d 467 (4th Cir. 2012), which ruled that use of the PSR to determine that the defendant's prior convictions were committed on occasions different from one another was plain error. In the petitioner's case, the district court had available the judgments from his three state convictions, which clearly establish that each crime was committed on separate dates.[4]

---

[4] In case No. CR06-928, the petitioner was found guilty of possession of cocaine with intent to distribute, and the offense date was May 6, 2006. [Doc. 68-1]. In case No.

Although the latter two cases were consolidated for sentencing on July 12, 2010, so long as the offenses at issue occurred on dates separate from each other, they are valid ACCA predicates. United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992; United States v. Letterlough, 63 F.3d 332, 337 (4th Cir. 1995).

The petitioner's second argument is that he is actually innocent of being an armed career criminal because his drug offense convictions under state law were broader than the federal controlled substance statute. In support of this argument, the petitioner cites Sarmientos v. Holder, 742 F.3d 624 (2014), which dealt with an alien's prior Florida state court conviction for delivery of cocaine. The Fifth Circuit determined that the Florida statute was not a categorical match with federal aggravated felony offense of drug trafficking and did not render the alien statutorily ineligible for cancellation of removal.

The petitioner's three state drug offenses were each for violation of Virginia Code Section 18.2-248. Courts which have looked at the Virginia controlled substances statute in the context of the ACCA have rejected the argument that § 18.2-248 defines drug offense more broadly than the ACCA. In Long v. United States, No. 2:17-CV-219, 2017 WL 4799798 at *3 (E.D. Va. 2017), the court determined that "the statutes match." Similarly, in United States v. Bailey, No. 7:15-CR-00010-01, 2017 WL 6391487 at *3 (W.D. Va. 2017), the court found that the state and federal definitions contained "nearly identical" terms. The court also noted that "courts have consistently held…that prior convictions under Virginia law for distribution and possession with intent to distribute cocaine 'matches the definition of a controlled substance offense under U.S.S.G. §

---

CR09-1934, the petitioner was found guilty of selling heroin, and the offense date was November 19, 2008. [Doc. 68-2]. In case No. CR09-1935, the petitioner was found guilty of selling heroin, and the offense date was December 10, 2008. [Doc. 68-3].

4B1.2(b)[5]…'" Id. (citing Long v. United States, 2017 WL 4799798 at *4; United States v. Jones, No. 3:13-CR-13, 2016 WL 6997024 at *4 (E.D. Va. Nov. 29, 2016); United States v. Brown, No. 5:13-CR-00305-5, 2016 WL 1296188 at *4 and n.2 (W.D. Va. Sept. 4, 2016); and Montgomery v. United States, No. 2:14-CV-16267, 2015 WL 13722832 at *7 (S.D. W.. Va. Oct. 20, 2015)).

Because the petitioner does not satisfy either the second, third or fourth Wheeler prongs, he fails to satisfy the § 2255(e) savings clause.  Because the petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should

---

[5] "The term 'controlled substance offense' means an offense under federal or state law, punishable by Imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2.

11

also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 31, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE