## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**PIERCE YARNELL BROWN,**

       Petitioner,

v.                                           **Criminal Action No. 5:20-CV-108**
                                                            Judge Bailey

**R. HUDGINS,** Warden,

       Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 7]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed Report and a Recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on August 31, 2020, wherein he recommends the petitioner's case be denied and dismissed without prejudice.

### I. BACKGROUND

On August 13, 2015, a grand jury in the Western District of Virginia returned an indictment against petitioner charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] After unsuccessfully moving to suppress the evidence against him, petitioner entered a conditional plea of guilty to the offense charged. As part of said plea, petitioner acknowledged that he would be subject to a joint minimum term of

---

[1] Petitioner's underlying case is docketed at Criminal Action No. 7:15-CR-00074 in the United States District Court for the Western District of Virginia.

1

imprisonment for fifteen (15) years under 18 U.S.C. § 924(e) if the sentencing court determined that he had a least three prior convictions for serious drug offenses and/or violent felonies. Having made such a determination based on its consideration and adoption of petitioner's pre-sentence investigation report, the sentencing court imposed a mandatory minimum term of imprisonment for 180 months.[2]

Subsequent to an unsuccessful direct appeal, petitioner filed an unsuccessful motion under 28 U.S.C. § 2255 in which he argued against the propriety of his sentencing as an armed career criminal. Then, petitioner filed the pending petition under 28 U.S.C. § 2241, in which he again argues that he was improperly sentenced under 18 U.S.C. § 924(e). More specifically, petitioner argues that the three prior state convictions, which formed the predicates for his sentences, were improperly counted as separate and distinct offenses. Further, petitioner asserts that he is actually innocent of being an armed career criminal because his underlying state-court drug offense convictions were made pursuant to state laws broader than the federally controlled substance statute.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation

---

[2]Specifically, the sentencing court noted the following prior felony drug convictions to support petitioner's armed career criminal designation: (1) a September 11, 2006, conviction in the Circuit Court for the City of Roanoke for possessing cocaine with intent to distribute; (2) a July 12, 2010, conviction in the Circuit Court for the City of Roanoke related to the sale of heroin; and (3) a July 12, 2010, conviction in the Circuit Court for the City of Roanoke related to the sale of cocaine.

2

to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections to the Report and Recommendations [Doc. 8] on September 18, 2020. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. APPLICABLE LAW

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the

execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 due to (1) a limitation bar, (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. *In re Vial*, 115 F. 3d 1192, 1194 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective," and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. *See United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

4

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in *Wheeler*. *Id*.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See Wheeler*, 886 F.3d at 423–26.

## IV. DISCUSSION

As stated in the R&R, Magistrate Judge Mazzone concluded that, based on a review of petitioner's underlying offenses, the underlying sentencing court correctly concluded that each of petitioner's crimes, which formulated the basis for his sentencing as a career offender under 18 U.S.C. § 924(e), occurred on separate dates. Moreover, Magistrate Judge Mazzone properly found that although petitioner's latter two criminal cases were consolidated for sentencing, those two cases still formed valid predicates for purposes of finding career offender status. *See United States v. Samuels,* 970 F.2d 1312, 1315 (4th Cir. 1992). Further, Magistrate Judge Mazzone also examined the Virginia controlled substances statute in the context of 18 U.S.C. § 924(e) and properly determined it does not define drug offenses more broadly than 18 U.S.C. § 924(e).

In his Objections to the Magistrate's Report [Doc. 8], petitioner first argues that his conviction for possession of cocaine with intent to distribute in violation of Virginia Code § 18.2–248 does not constitute a predicate offense under 18 U.S.C. § 924(e) because

petitioner's five-year sentence was suspended after serving seven (7) months in incarceration. According to petitioner, a seven (7) month sentence does not meet the definition of a "serious drug offense" under 18 U.S.C. § 924(e). However, as articulated by the Fourth Circuit, in order to trigger the sentencing enhancement under 18 U.S.C. § 924(e), the offense must *be* "punishable by imprisonment for a term exceeding one year." *See* ***United States v. Ward***, 2020 WL 5014873, *4 (4th Cir. Aug. 20, 2020). Here, the subject statute, Virginia Code § 18.2–248, provides a criminal penalty of imprisonment for not less than five (5) years nor more than forty (40) years. As such, said statute clearly meets the aforementioned requirement for categorization as a predicate offense under 18 U.S.C. § 924(e), and petitioner's objection is overruled.

In his second objection, petitioner reasserts the arguments contained in his original Petition that the three prior state convictions, which formed the predicates for his sentence, were improperly counted as separate and distinct offenses. In this third objection, petitioner reasserts the arguments contained in his original Petition that the underlying state-court drug offense convictions were made pursuant to state laws broader than the federally controlled substance statute. A *de novo* review of the R&R, which substantively addressed both these arguments, reveals that Magistrate Judge Mazzone properly rejected each argument for the reasons more fully articulated in the R&R. Accordingly, these objections are overruled.

## V. CONCLUSION

Upon careful review, it is the opinion of this Court that the **Report and Recommendation [Doc. 7]** should be, and is, hereby **ORDERED ADOPTED** for the

reasons more fully stated in the magistrate judge's report. Accordingly, petitioner's objections **[Doc. 8]** are **OVERRULED**, and petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE** .

This Court further **DIRECTS** the Clerk to enter judgment in favor of respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: September **25**, 2020.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**

8